IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMPSON L. AWNINGS,<br><br>                     Plaintiff,<br><br>    vs.<br><br>JOSHUA FULLERTON, RYAN DUNCAN, JEREMY CARTHER, TODD ROBERTS, AND DOES 1-10,<br><br>                     Defendants. | 4:15CV3078<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendants' motion to strike Plaintiff's demand for jury trial. (Filing No. 58). For the following reasons, the motion will be denied.

BACKGROUND

Plaintiff's Complaint brings claims against movants Fullerton and Duncan pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants Fullerton and Duncan deprived him of his Fourth Amendment right to be free from unreasonable searches and seizures. (Filing No. 1). That is, Plaintiff claims Fullerton did not have probable cause to arrest Plaintiff and completed the arrest by means of unreasonable force. Plaintiff claims Duncan used unreasonable force when assisting in his arrest. All other claims asserted against Duncan and Fullerton in Plaintiff's Complaint have been dismissed by this court. (See Filing No. 40).

Plaintiff's claims against Fullerton and Duncan are brought in their individual capacities. The Complaint states that Fullerton and Duncan "[were] at all relevant times herein . . . duly appointed and acting officer[s], servant[s], employee[s], and agent[s] of the Lincoln Police Department ("LPD"), an agency of the City of Lincoln, Nebraska, a municipal entity created and authorized under the laws of the State of Nebraska. [Their] acts and omissions described herein were under the color and authority of the laws, statutes, ordinances, regulations, customs and/or usages of the State of Nebraska, the City of Lincoln,

Nebraska, and LPD." (Filing No. 1 ¶¶ 2, 3 at CM/ECF pp. 1–2). The plaintiff seeks relief in the form of compensatory and punitive damages. (Filing No. 1 at CM/ECF p. 11).

Defendants Fullerton and Duncan argue Plaintiff is not entitled to a trial by jury on his claims against them in accordance with Neb. Rev. Stat. § 13-907 of the Nebraska Political Subdivisions Tort Claims Act ("PSTCA"). Plaintiff argues that under the Seventh Amendment, he is entitled to a jury trial because he is alleging a claim for damages under 42 U.S.C. § 1983.

ANALYSIS

Section 1983 of Title 42 of the US Code does not expressly provide for the right to a jury trial. See § 1983; see also City of Monterey v. Del Monte Dunes, 526 U.S. 687, 707–08 (1999). Therefore any right to a jury trial on Plaintiff's claims must be based on a Seventh Amendment analysis.

The Seventh Amendment did not create a right to jury trial, but instead it preserved that right in the federal courts as it existed at common law in 1791. Baltimore v. Carolina Line Inc. v. Redman, 295 U.S. 654, 657 (1935). Where a federal statute does not specifically incorporate a right to a jury trial, the court "fit[s] it into the nearest historical analogy to determine whether there is a right to a jury trial." Buss v. Douglas, 59 F.R.D. 334, 334–35 (D. Neb. 1973). "Under the historical analogy analysis, if a claim presents what would have been at common law an 'equitable' claim, there is no right to a jury trial, and, if the claim would have been 'legal' in nature at common law, it may be triable to a jury today." Id.

When the Seventh Amendment was adopted there was no action equivalent to 42 U.S.C. § 1983. However, it is now well settled that the Seventh Amendment right to a jury trial "extends to statutory claims unknown to the common law, so long as the claims can be said to 'sound basically in tort,' and seek legal relief." Monterey, 526 U.S. at 709 (quoting Curtis v. Loether, 415 U.S. 189, 195–96 (1974)). And there is no doubt that § 1983 claims

alleging unreasonable force was used during an arrest sound in tort. Monterey, 526 U.S. at 709. Therefore a § 1983 claim for damages is entitled to a jury trial. See Id.

However, "at common law no action for damages . . . lay against public officials acting in their official capacities as agents of the sovereign." Buss, 59 F.R.D. 336. "[I]f the action is a common law suit or the particular issues arise in a common law suit, but no right of jury trial existed under the common law of England as to that type of action, then there is no right to jury trial by virtue of the Seventh Amendment." Westcott v. Omaha, CV88-0-28, 1988 WL 383125 (April 11, 1988).

A sovereign may consent to a lawsuit against it or its agents on its own terms. United States v. Sherwood, 312 U.S. 584, 586 (1941). Nebraska has waived its sovereign immunity on a limited basis through the adoption of the Political Subdivision Tort Claims Act (PTSCA). See Neb. Rev. Stat. § 13-902. Under the PSTCA, Nebraska does not consent to trial by jury and instead holds:

> Jurisdiction, venue, procedure, and rights of appeal in all suits brought under the Political Subdivisions Tort Claims Act . . . shall be determined in the same manner as if the suits involved private individuals, except that such suits shall be heard and determined by the appropriate court without a jury.

Neb. Rev. Stat. § 13-907 (emphasis added).

Nebraska's PSTCA applies whenever there is

any claim against a political subdivision for money only on account of damage to or loss of property or on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the political subdivision, while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such damage, loss, injury, or death[.]

Neb. Rev. Stat. § 13-903(4) (emphasis added). Importantly, courts have held that PSTCA applies even when an official is sued in his or her individual capacity, as long as the official was performing within the scope of employment. Parsons v. McCann, 138 F. Supp. 3d 1086, 1112 (D. Neb. 2015) (J. Kopf); Stagemeyer v. County of Dawson, 205 F. Supp. 2d 1107,

3

1118 (D. Neb. 2002); Cole v. Clark, No. A-01-799, 2003 WL 21278477 (Neb. Ct. App. June 3, 2003); Cole v. Wilson, 627 N.W.2d 140 (Neb. Ct. App. 2001); but see D.M. v. State, 23 Neb. App. 17, 32 (Neb. Ct. App. 2015) ("[S]overeign immunity does not apply when state officials are sued in their individual capacities—that is, when a suit seeks to hold state officials personally liable. This is true even when state officials are sued in their individual capacities for acts taken within the scope of their duties and authority as state officials.") (internal citations omitted).

Plaintiff's claims against Fullerton and Duncan are claims against two police officers of the Lincoln Police Department, a political subdivision of the State of Nebraska. Plaintiff brings his § 1983 claims against Fullerton and Duncan in their individual capacities, asserting that Fullerton and Duncan were "duly appointed and acting officer[s]" and acted at all relevant times "under the color of the authority of the laws, statutes, ordinances, regulations, customs and/or usages of the State of Nebraska." (Filing No. 1 ¶¶ 2, 3 at CM/ECF pp. 1–2).

Fullerton and Duncan argue that even though Awnings is suing them only in their individual capacities, his use of the above mentioned language indicates that Fullerton and Duncan were acting within their scope of employment at all relevant times. And if so, the claims arise under the PSTCA and Awnings is not entitled to a jury trial.

Embedded within a § 1983 claim is the requirement that the plaintiff prove he was wronged by an official acting under the color of law. See § 1983. The Section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

4

§ 1983. Section 1983 "regulates state and local government conduct, as distinct from purely private conduct." Nahmond, Civil Rights and Civil Liberties Litigation, p. 38 (McGraw-Hill 1979).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988). And federal courts have provided a broad construction to this term. Acts made under color of law are made "under 'pretense of law,'" and "acts of officers who undertake to perform their official duties . . . whether they hew to the line of their authority or overstep it." Dossett v. First State Bank, 399 F.3d 940, 949 (8th Cir. 2005) (quoting Screws v. United States, 325 U.S. 91, 111 (1945)) (emphasis original). "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." Monroe v. Pape, 365 U.S. 167, 184 (1961) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

Generally, lawsuits against a defendant in his individual capacity involves conduct outside the scope of his employment. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). And determining whether a person was acting under the "scope of employment" requires a factual inquiry. Johnson v. United States, 534 F.3d 958 (8th Cir. 2008).

Plaintiff did not explicitly allege the officers were acting within the scope of their employment in his complaint. (See Filing No. 1). Instead, he alleges Defendants Fullerton and Duncan were officers or agents of LPD and were acting under color of law. Applying the broad definition of "color of law" for a § 1983 claim, an action need not be within the scope of employment to be an action under color of law.[1] And there are no allegations within

---

[1] See Cameron v. Milwaukee, 307 N.W.2d 164 (Wis. 1981) (analyzing the differences between "color of law" and "scope of employment.")

Plaintiff's complaint stating, or from which it must be inferred, that Defendants' alleged misconduct was performed within the scope of their employment.

The PSTCA does not apply to Plaintiff's claims against Fullerton and Duncan, and therefore does not prohibit a jury trial. Plaintiff is entitled to a jury trial on his claims for damages under § 1983 against Fullerton and Duncan in their individual capacities. See Monterey, 526 U.S. at 709.

Accordingly,

IT IS ORDERED that Defendants' motion to strike Plaintiff's jury demand, (filing no. 58), is denied.

Dated this 14th day of July, 2016

                                        BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge