IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TOMPSON L. AWNINGS,<br><br>           Plaintiff,<br><br>vs.<br><br>JOSHUA FULLERTON, RYAN DUNCAN, JEREMY CARTHER, and DOES 1-10,<br><br>           Defendants. | 4:15CV3078<br><br>**MEMORANDUM AND ORDER** |

Plaintiff has moved to amend his complaint to add allegations for recovery of special damages; i.e., medical expenses. ([Filing No. 105](#)). Defendants object, arguing the motion was filed three months after the deadline for moving to amend pleadings, and Plaintiff has not and cannot show it exercised due diligence to meet that deadline. ([Filing No. 109](#)). For the reasons stated below, the motion to amend will be denied.

Plaintiff's complaint, filed on July 17, 2015, alleges a claim for excessive force against Defendants Fullerton and Duncan. The complaint alleges that due to visible injuries to Plaintiff, and because he was bleeding from the head, paramedics transported Plaintiff to the trauma center of a Lincoln, Nebraska hospital for examination and treatment, including a medical examination and an X-ray. Plaintiff alleges he was later examined by another physician who ordered a computed tomography ("CT") scan of Plaintiff's pelvis and abdomen and additional X-rays. Plaintiff claims:

> [T]he CT scan revealed fractures to and through Plaintiff's right sixth, seventh, eighth, and ninth ribs. The posterioranterior and lateral chest Xrays revealed a right-sided pneumothorax with maximum pleural gap measuring in the five centimeter range. A Heimlich valve was inserted into Plaintiff's right thorax and he was prescribed a hydrocodone-acetaminophen combination.

(Filing No. 1, at CM/ECF p. 6-7). Plaintiff alleges he "suffered and continues to suffer from physical pain, discomfort, emotional trauma, humiliation, fear, anxiety, and embarrassment, among other things, and Plaintiff seeks damages in an amount to be determined at trial to compensate him for these injuries." (Filing No. 1, at CM/ECF p. 11). The complaint does not request recovery of medical expenses.

Following rulings on the Rule 12(b) motions filed, the court entered a case scheduling order which a June 1, 2016 for filing initial mandatory disclosures, a deadline of September 1, 2016 for filing a motion to amend the complaint and for serving expert disclosures, and a January 2, 2017 deadline for serving written discovery.

Plaintiff's initial disclosures, served on June 1, 2016, did not list medical expenses as a "category of damages claimed." (Filing No. 55, at CM/ECF p. 2). Prior to January 26 2017, including during discovery and in his supplemental Rule 26 disclosures, Plaintiff never asserted any claim for recovery of medical expenses. Plaintiff explains he did not receive any medical bills so he assumed Defendants paid those bills. But he did nothing to investigate and confirm that assumption. During emails exchanged between January 26 and 27, 2017, Plaintiff indicated he would be conducting additional discovery to obtain medical records and medical bills, even though the discovery deadline had passed. (Filing No. 110, at CM/ECF p. 3).

Defense counsel states "Plaintiff was aware that he had received medical treatment from other medical providers," but he failed to "diligently work during the discovery phase to acquire medical bills to determine the amount of his damages or to offer proof such damages were actually related and incurred." (Filing No. 110, at CM/ECF p. 3). Defendants argue:

> [Defendants] will be prejudiced by the amendment to allow special damages given that Plaintiff has not disclosed any medical bills prior to the end of discovery. Trial is approximately three months away, and the

> addition of new medical bills and witnesses on behalf of those medical providers to provide foundation was not anticipated. The only deposition that Defendants took was of Plaintiff due to the expectation that no medical bills or other medical records would be offered at trial.

(Filing No. 110, at CM/ECF pp. 2-3). Plaintiff responds:

> While the instant motion is admittedly more than three months beyond the deadline set forth in the progression order for the filing by the plaintiff of a motion to amend pleadings, trial is still more than three months away. (Filing no. 52). The plaintiff has not acted in bad faith, and in fact has acted with reasonable diligence in terms of gathering information and documents to support the proposed amendment. The proposed amendment asserts no new cause of action against the defendants, it merely seeks special damages for the causes of actions already asserted. An allegation that the plaintiff was specially damaged in the form of medical expenses and a request for same imposes no prejudice to the defendants because the plaintiff has already alleged and sought general damages. The plaintiff still bears the burden of proving both types of damages. The proposed amendment is not futile. The Court should grant the plaintiff's motion for leave to file an amended complaint, as there is no undue delay, no bad faith, no undue prejudice to the defendant, and the proposed amendment is not futile.

(Filing No. 11, at CM/ECF p. 7).

Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. . . . , [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) . The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing whether good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

3

Although Plaintiff's alleged injuries no doubt resulted in medical bills, Plaintiff did not demand recovery for those expenses in his complaint or initial mandatory disclosures. And based on the information of record, Plaintiff made no effort to determine the extent of medical expenses arising from his injuries until long after the deadline for moving to amend the complaint and after the discovery deadlines.

The plaintiff has failed to show due diligence in timely alleging and pursuing any claim for recovery of medical expenses. As such, his motion to amend must be denied. Sherman, 532 F.3d at 716-17.

Accordingly,

IT IS ORDERED that Plaintiff's motion to amend, (Filing No. 105), is denied.

February 8, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.