IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TOMPSON L. AWNINGS, | ) | 4:15CV3078 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| JOSHUA FULLERTON and | ) | |
| RYAN DUNCAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On April 24, 2017, the court entered judgment dismissing Plaintiff's action (Filing No. 134) after granting summary judgment in favor of Defendants (Filing No. 133). On May 22, 2017, Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). For the reasons discussed below, the motion will be denied.

A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*

Plaintiff asserts the court erred (1) "in excluding the statements of Plaintiff of his diagnosis and treatment at Bryan West after his release from jail" (Filing No. 136 at CM/ECF p. 1); (2) "in finding statements made by Plaintiff did not controvert Defendants' statement of material facts in their brief in support of their motion for

summary judgment" (Filing No. 136 at CM/ECF p. 11); (3) "in finding Defendants were entitled to qualified immunity on Plaintiff's excessive force claims" (Filing No. 136 at CM/ECF p. 13); (4) "in finding Plaintiff's injury was *de minimis*" (Filing No. 136 at CM/ECF p. 13); and (5) "in finding Plaintiff's resisting arrest conviction precluded his false arrest claim against Defendant Fullerton" (Filing No. 136 at CM/ECF p. 13). These five assertions will be addressed in the order presented.

### *1. Plaintiff's Statements Regarding Medical Diagnosis and Treatment*

The court sustained Defendants' objections to Plaintiff's statements of fact indicating he was diagnosed and treated for broken ribs and a collapsed lung following his release from jail (Filing No. 133 at CM/ECF pp. 21-23 & n. 22-25). The only evidence offered by Plaintiff in opposition to the motion for summary judgment was a personal declaration signed by him on March 2, 1017 (Filing No. 122-2), and this declaration was the only evidence that was referenced by Plaintiff in support of the excluded statements of fact (Filing No. 125 at CM/ECF pp. 24-25, ¶¶ 48-55).

Under the Federal Rules of Civil Procedure, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." Fed. R. Civ. P. 56(c)(1)(A).[1] "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In support of his Rule 59(e) motion, Plaintiff notes that his medical records were included in a filing that was made by Defendants on January 30, 2017, in

---

[1] The court's local rules further provide: "Each material fact in the response [of the party opposing a motion for summary judgment] . . . must include pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies, . . . ." NECivR 56.1(b)(1).

opposition to Plaintiff's motion for leave to amend (Filing No. 108-1).[2] It is known that the documents were produced by Plaintiff in response to Defendants' request for production of documents (Filing No. 108-1 at CM/ECF pp. 12-60), but they are not otherwise authenticated.[3]

"To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence . . .." *Life Inv'rs Ins. Co. of Am. v. Fed. City Region, Inc.*, 687 F.3d 1117, 1122 (8th Cir. 2012) (quoting *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)); *see also* NECivR 7.1(a)(2)(C) ("An affidavit must identify and authenticate any documents offered as evidence.").[4] "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).

---

[2] Among other things, Plaintiff sought to add a claim for medical expenses. Plaintiff's motion for leave to amend was denied by Magistrate Judge Zwart on February 8, 2017, as untimely (Filing No. 112).

[3] An affidavit of Defendants' attorney merely establishes that the documents filed with the court are true and correct copies of documents that were produced by the Plaintiff on August 4, 2016 (Filing No. 108-1 at CM/ECF p. 1).

[4] Rule 56 was amended to 2010 to eliminate the requirement of a formal affidavit (by allowing a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit, as provided in 28 U.S.C. § 1746), and to no longer require that the document be attached to the affidavit (as being unnecessary because of the new requirement of subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record). *See* Fed. R. Civ. P. 56, Advisory Committee Notes, *2010 Amendment, Subdivision (c)(4)*. The amendment did not eliminate the authentication requirement, however. *See Edwards v. Hiland Roberts Dairy, Co.*, 860 F.3d 1121, 1127 (8th Cir. 2017) (finding no error in district court's refusal to consider unauthenticated exhibit filed in opposition to motion for summary judgment).

Because Plaintiff did not reference the medical records in the brief filed in opposition to Defendants' motion for summary judgment, the court was not required to search out the records on its own and consider them. In fact, the court could not have considered the records for purposes of deciding the summary judgment motion because they are not authenticated. While the court might have given Plaintiff an opportunity to authenticate the documents had it been made aware of them prior to ruling on the motion for summary judgment, *see* Fed. R. Civ. P. 56(e)(1), it will not do so now, after judgment has been entered. That is not the purpose of Rule 59(e).[5]

Regarding inadmissible statements of fact contained in Plaintiff's personal declaration, Plaintiff notes that "the standard is not whether the evidence at the summary judgment stage would be admissible at trial—it is whether it *could* be presented at trial in an admissible form." *Gannon Int'l, Ltd. v. Blocker*, 684 F.3d 785, 793 (8th Cir. 2012) (emphasis in original). When an objection is made, however, "the burden is on the proponent of the evidence to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Id.* (quoting Advisory Committee Note to Rule 56(c)(2)). Plaintiff did not do so.[6] Granting Defendants' motion for summary judgment was therefore proper. *See* Fed. R. Civ. P. 56(e)(3).

---

[5] Even if Plaintiff's motion to alter or amend judgment might be construed as a motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b), that rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson,* 512 F.3d 1045, 1048 (8th Cir. 2008). "Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect." *Noah v. Bond Cold Storage,* 408 F.3d 1043, 1045 (8th Cir. 2005). "To be excusable, . . . the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules. It is generally held that 'excusable neglect' under Rule 60(b) does not include ignorance or carelessness on the part of an attorney." *Id.* (citations omitted).

[6] Under the court's local rules, Plaintiff would require leave of court before filing a sur-reply brief or additional evidence, *see* NECivR 7.1(c), but Plaintiff took no action after Defendants raised objections to his statements of fact.

For example, Plaintiff's statement that he "was informed by the examining physician [on August 6, 2013] . . . that [he] had four broken ribs and a collapsed lung" (Filing No. 122-2 at CM/ECF pp. 3-4) is inadmissible hearsay, which "cannot be used to avoid summary judgment." *Cherry v. Ritenour Sch. Dist.*, 361 F.3d 474, 480 (8th Cir. 2004). Plaintiff now claims he "could call the examining physician at trial to testify as to the diagnosis" (Filing No. 136 at CM/ECF p. 6), but there is no evidence to support this claim.[7] The court did not err in sustaining Defendants' objection to this hearsay statement or in entering summary judgment in their favor. *See*, *e.g.*, *Banks v. Deere*, 829 F.3d 661, 668 (8th Cir. 2016) (affirming grant of summary judgment to defendants where plaintiff relied on inadmissible hearsay and failed to show why he could not have obtained competent evidence from proposed witnesses).

Although expert testimony is not always necessary to prove causation in an excessive force case, *see Ziesmer v. Hagen*, 785 F.3d 1233, 1238-39 (8th Cir. 2015), Defendants' motion for summary judgment was premised not on Plaintiff's lack of proof regarding causation, but rather, on the fact that his injuries were *de minimis*; that is, Plaintiff only had a small cut over his eye and an x-ray at the hospital revealed no broken ribs or other injuries to his lungs or abdominal region. Plaintiff produced no competent evidence to dispute this fact.

### *2. Uncontroverted Facts*

Plaintiff complains that the court adopted a "word-for-word" approach in comparing his statement of facts to Defendants' statement. The court simply applied Rule 56(c) and NECivR 56.1(b), which "clearly require that [the non-moving party] respond in kind, and in a specific fashion, to the statement of undisputed facts asserted

---

[7] At the time the court was deciding the motion for summary judgment, Plaintiff had only indicated that the physician who told him he had broken ribs and a collapsed lung "was a different physician than the one that had examined [him] on July 20, 2013" (Filing No. 122-2 at CM/ECF pp. 3-4).

by [the moving parties] in their motion for summary judgment." *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 799 (8th Cir. 2014).

As stated in the court's memorandum and order granting summary judgment, Plaintiff generally complied with these rules "by including a separate statement of facts in his opposing brief that references a declaration signed by Plaintiff under penalty of perjury and indicates which paragraphs of Defendants' statement are controverted" (Filing No. 133 at CM/ECF pp. 3-4). For each allegedly controverted paragraph, the court carefully compared Defendants' statement of facts to Plaintiff's statement. In most instances, there was no genuine dispute. The court considered any additional facts stated by Plaintiff that were supported by the evidence.

### *3. Qualified Immunity on Excessive Force Claims*

This objection requires no further discussion, as Plaintiff concedes: "If the plaintiff does not get to present evidence of four broken ribs and a collapsed lung, and the only injury of the plaintiff that the Court considers is a laceration over the plaintiff's right eyebrow and rib pain . . ., then it is no wonder why Fullerton and Duncan are entitled to qualified immunity" (Filing No. 136 at CM/ECF p. 13).

### *4. De Minimis Injury*

This objection also requires no further discussion. Plaintiff only argues that "[h]ad the Court not erroneously excluded evidence of the plaintiff's broken ribs and collapsed lung . . ., the Court would not have found the plaintiff's injuries to be *de minimis*" (Filing No. 136 at CM/ECF p. 13).

### *5. Heck-Barred False Arrest Claim*

Finally, the court held that Plaintiff's conviction for resisting arrest precludes his claim for false arrest against Defendant Fullerton under *Heck v. Humphrey*, 512

U.S. 477, 486-87 (1994), and it dismissed the claim without prejudice. Plaintiff has not shown this disposition of the false arrest claim was erroneous in any respect.

Accordingly,

IT IS ORDERED that Plaintiff's motion to alter or amend judgment (Filing No. 135) is denied.

DATED this 25th day of July, 2017.

                                                BY THE COURT:

                                                s/ *Richard G. Kopf*
                                                Senior United States District Judge